UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                   Civil No. 24-1497 (DWF/ECW)

              Petitioner,

v.                                                                              **MEMORANDUM**
                                                     **OPINION AND ORDER**

Walter Porter,

              Respondent.

**INTRODUCTION**

This matter is before the Court on Respondent Walter Porter's objections (Doc. No. 23) to Magistrate Judge Tony N. Leung's[1] Report and Recommendation ("R&R") dated May 1, 2025, recommending that the Court commit Porter to the custody of the Attorney General under 18 U.S.C. § 4245 (Doc. No. 19). The United States of America (the "Government") filed a response. (Doc. No. 24.) For the reasons set forth below, the Court overrules Porter's objections, adopts in part[2] the Magistrate Judge's R&R, and

---

[1] This case was reassigned to Magistrate Judge Elizabeth Cowan Wright on May 2, 2025 due to Magistrate Judge Leung's retirement. (Doc. No. 21.)

[2] The Government filed a letter asking Magistrate Judge Wright to issue an amended R&R due to two mistaken references to a "Mr. Kidd" instead of "Mr. Porter" on pages 20 and 21 of the R&R. (Doc. No. 22.) Because Magistrate Judge Wright was not the magistrate judge who issued the initial R&R, she did not issue an amended R&R. The Court acknowledges the mistaken references and modifies the R&R solely to change the two references of "Mr. Kidd" on pages 20 and 21 to "Mr. Porter."

grants the Government's petition to determine present mental condition of an imprisoned person under 18 U.S.C. § 4245 (Doc. No. 1).

## DISCUSSION

The relevant factual and procedural background was clearly and precisely set forth in Magistrate Judge Leung's R&R and is incorporated by reference. The Court has conducted a de novo review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).

A federal prisoner "may not be transferred to a mental hospital without the prisoner's consent or a court order." *United States v. Watson*, 893 F.2d 970, 975 (8th Cir. 1990), *vacated in part on other grounds*, *United States v. Holmes*, 900 F.2d 1322 (8th Cir. 1990). If the prisoner objects to their transfer, the Government may petition "for a hearing on the present mental condition of the person." 18 U.S.C. § 4245(a). At that hearing, the Government must prove "by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." *Id.* § 4245(d). If the court finds that burden is met, it must commit the prisoner to the custody of the Attorney General for treatment in a suitable facility until they are "no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." *Id.*

Thus, on a petition under § 4245, a court must determine: (1) whether the prisoner is suffering from a mental disease or defect; (2) whether they are in need of custody for care or treatment of that disease or defect; and (3) whether the proposed facility is a

suitable facility. *United States v. Horne*, 955 F. Supp. 1141, 1144 (D. Minn. 1997). To prove "need of custody for care or treatment," the Government must show that treatment is "more than merely 'beneficial.'" *Id.* at 1147. This threshold is met where a prisoner would pose a danger to others in the general prison population if their mental illness was left untreated. *See, e.g., id.* at 1148 ("The Court finds that, unless the Respondent's mental illness is treated, he would pose a danger to prison staff and his fellow inmates if he is removed from segregation."); *see also United States v. Eckerson*, 299 F.3d 913, 914 (8th Cir. 2002) (per curiam) (finding a district court did not clearly err when applying this rule).

Magistrate Judge Leung concluded that the Government met its burden because Porter suffers from schizophrenia, he is in need of custody for care or treatment of his schizophrenia, and FMC Rochester is a suitable facility for that care or treatment. (Doc. No. 19 at 15-20.) On the need of custody element, Magistrate Judge Leung found that Porter poses a danger to other inmates if his schizophrenia is left untreated and that the proposed treatment would be effective. (*Id.* at 18-19.) He relied heavily on the testimony of Dr. Melissa Klein, Chief of Psychology at FMC Rochester, specifically pointing to her testimony that Porter's symptoms of schizophrenia had improved during his course of treatment and additional recommended medications would better target his symptoms in the future. (*See id.* at 19.)

Porter objects only to Magistrate Judge Leung's finding on the need of custody element. (Doc. No. 23 at 1.) Porter argues that the Government has not met its burden on this element because it has not shown that committing Porter would actually treat him.

3

(*Id.* at 2.) After his transfer to FMC Rochester, Porter at first agreed to take medication to treat his schizophrenia. (Doc. No. 2 at 21-22.) He was started on 50 mg of quetiapine daily, with a plan to increase his daily dosage to 200 mg over twelve days. (*Id.*) The medication was not enough to treat his symptoms, so his care team continued to increase his dosage, eventually reaching up to 800 mg per day. (*Id.* at 25; Doc. No. 18 at 70-71.) Porter argues that his symptoms did not improve even at 800 mg per day. (Doc. No. 23 at 3.) He also challenges Dr. Klein's testimony that he was able to independently engage in self-care activities after starting medication by highlighting several examples where he was able to complete self-care activities without medication and Dr. Klein's acknowledgement of those examples during her testimony.[3] (*Id.* at 4.) Porter uses all of this to argue that he cannot be in need of custody for care or treatment because the treatment has not worked on him in the past.

    The Government disagrees with Porter and argues that he would pose a danger to himself or the general prison population without treatment. (Doc. No. 24 at 2.) The Government emphasizes Dr. Klein's testimony about her expectation of future improvement with additional treatment. (*Id.* at 4.) It further asserts that Porter's argument is flawed, namely his argument that because treatment was ineffective in the past, it will be ineffective in the future. (*Id.* at 5.)

---

[3]    In doing this, Porter appears to challenge the credibility of Dr. Klein's testimony. The Court reviewed Magistrate Judge Leung's credibility determination de novo as well. *See United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003).

After conducting a de novo review of the record and considering Porter's objections, the Court finds that the Government has met its burden under § 4245. The Government has shown by a preponderance of the evidence that Porter is in need of custody for care or treatment. Porter has a history of violence and aggression while in custody that stems from his schizophrenia. Without treatment for his schizophrenia, he would pose a danger to others if reintegrated into the general prison population. Although Porter continued to experience symptoms of schizophrenia while on quetiapine and has been able to engage in some self-care activities without the medication, Dr. Klein's report and testimony about her expectations for future improvement with treatment directly rebut the argument that future treatment will be ineffective. The Court finds her report and testimony are credible, especially on this point. Therefore, the Court finds that Porter is in need of custody for care or treatment of his schizophrenia. Accordingly, Porter's objections to the R&R are overruled and the Court grants the Government's petition under § 4245.

## ORDER

Based upon the Court's careful review of the R&R and the record in this case, **IT IS HEREBY ORDERED** that:

1. Respondent Walter Porter's objections (Doc. No. [23]) to Magistrate Judge Tony N. Leung's Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's Report and Recommendation (Doc. No. [19]) is **ADOPTED IN PART** and **MODIFIED IN PART** as follows:

      a.      The R&R is modified solely to change the two references of "Mr. Kidd" on pages 20 and 21 to "Mr. Porter."

      b.      The R&R is otherwise adopted.

3.     The Government's petition to determine present mental condition of an imprisoned person under 18 U.S.C. § 4245 (Doc. No. [1]) is **GRANTED**.

4.     Respondent Walter Porter is committed to the custody of the Attorney General for treatment at FMC Rochester until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier.

      **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 17, 2025                        s/Donovan W. Frank
                                                      DONOVAN W. FRANK
                                                      United States District Judge